OPINION OF THE COURT
ALARCÓN, Circuit Judge.
Juan Osmin Castellanos appeals from the District Court’s decision denying his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Based upon our review of the record, we conclude that the District Court did not err in finding that the application for a writ of habeas corpus is premature, as there is no final order of removal. Accordingly, we will affirm the District Court’s order.
I
Castellanos, a native of El Salvador, entered the United States in 1987 without inspection. On August 29, 1995, he pleaded guilty to a charge of rape in the third degree in a New York state court. He served 20 days in' jail and one year on probation. On April 5, 2000, an Immigration Judge (“IJ”) in New York, New York ordered that Castellanos be removed from the United States (the “April 5, 2000 removal order”). On March 2, 2005, Castellanos was taken into custody by agents of the Department of Homeland Security (“DHS”). On March 19, 2005, he left the United States and returned to El Salvador.
II
On August 12, 2005, Castellanos was apprehended at the border in Texas while trying to re-enter the United States. He was convicted of illegal entry into the United States in violation of 8 U.S.C. § 1326(a) in the Distinct Court for the Western District of Texas. He was sentenced to 37 months in prison and 3 years of non-reporting supervised release. The April 5, 2000 removal order was reinstated on August 12, 2005 by the DHS. On April 16, 2008, Castellanos completed his prison term for illegal re-entry into the United States. He was immediately taken into custody in El Paso, Texas by United States Immigration and Customs Enforcement (“ICE”). He was moved to a detention facility in New Jersey.
III
A
In October 2006, Castellanos filed an application for asylum.[1] Upon being taken into custody on April 16, 2008, his asylum case was referred to the Immigration Court in New York which issued the April 5, 2000 removal order.
The record on appeal reflects that Castellanos’s application for asylum was transferred from New York to the Immigration Court in Newark, New Jersey. That court has jurisdiction over the New Jersey de *265 tention center where Castellanos is currently in custody.
B
On June 2, 2008, Officer James Hutchinson conducted a hearing in Newark, New Jersey, to determine whether Castellanos had a reasonable fear of torture if he were to be returned to El Salvador. In his application for asylum, Castellanos claimed to have witnessed the assassination of a mayor in June 2005, while he was living in El Salvador. He contended that the assassins subsequently tried to kill him. On June 4, 2008, the DHS issued Officer Hutchinson’s report. He concluded that Castellanos failed to show a reasonable fear of persecution or torture if returned to El Salvador. Castellanos requested review of Officer Hutchinson’s determination by an IJ. On June 18, 2008, a hearing was held before an IJ in Newark, New Jersey. The IJ ordered that Castellanos be removed on June 23, 2008 (the “June 23, 2008 removal order”).
C
On June 26, 2008, Castellanos filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] in the Eastern District of New York. In his application, Castellanos claimed that: (1) he was denied a reasonable fear hearing in August 2005 when he re-entered the country illegally; (2) his application for asylum was unreasonably denied; (3) his continued detention is unconstitutional; (4) the court must stay his removal; and, (5) the Eastern District of New York should review the June 23, 2008 removal order.
On July 1, 2008, the Eastern District of New York ordered the United States Attorney’s Office (the “USAO”), to file a response to the application for a writ of habeas corpus. It also denied Castellanos’s request to stay his deportation pending resolution of the habeas proceedings. On July 7, 2008, Castellanos requested that the Eastern District of New York stay his removal which was scheduled to occur within two days. On July 8, 2008, the USAO filed a letter with the Eastern District of New York which provided that Castellanos would not be removed while his request for a stay of removal was pending.
D
The Eastern District of New York conducted telephone conferences with the parties on July 7 and July 8, 2008. During these conferences, Castellanos argued that
the Court should transfer the portion of the petition challenging the Immigration Order to the Second Circuit — even though the Immigration Order was issued in Newark, New Jersey — because the Execution of the Final Order took place within the Second Circuit, and because the petitioner had been domiciled and owned property within the Second Circuit.
On July 9, 2008, the Eastern District of New York issued the following order:
[T]he Court has determined that it lacks jurisdiction to review [Castellanos’s] removal order or determine whether petitioner is entitled to a stay of his removal order. Thus, as agreed upon by both parties on the record during the Court’s telephone conference on July 8, 2008, the Court transfers that portion of the petition to the Court of Appeals for the Second Circuit.
*266 The Eastern District of New York did not rule on the question whether Castellanos’s detention should continue.
Castellanos filed a petition for review of his removal order on July 10, 2008 in the United States Court of Appeals for the Second Circuit. On July 14, 2008, he filed a motion for a stay of his deportation pending a hearing of his habeas corpus claims in the Second Circuit. On July, 22, 2008, the USAO file a letter in response, stating it did not oppose the motion for a stay of removal.
The USAO filed a response to the application for a writ of habeas corpus in the Eastern District of New York on July 15, 2008. It argued that the Eastern District of New York lacked jurisdiction over the custody claims remaining in that matter. Castellanos filed a reply on July 17, 2008 in the Eastern District of New York.
On August 12, 2008, Castellanos filed a motion seeking his release on bail in the Eastern District of New York. On August 16, 2008, he filed a motion to expedite the hearing on his bail motion.
On September 8, 2008, the Eastern Distinct of New York issued an order holding that “this Court lacks jurisdiction over petitioner’s bail and remaining claims. The clerk of the Court is therefore directed to transfer the petition to the United States District Court for the District of New Jersey for further proceedings.” The Eastern District of New York explained its ruling as follows:
Since the warden at the [Hudson County Jail] is the custodian of plaintiff and is the only proper respondent, jurisdiction over petitioner’s bail application and his remaining claims lies only in the United States District Court for the District of New Jersey, which is the district of petitioner’s confinement.... Accordingly, it is appropriate to transfer petitioner’s bail application and remaining claims, i.e. those claims not previously transferred to the United States Court of Appeals for the Second Circuit, to the United States District Court for the District of New Jersey.
On September 8, 2008, the Second Circuit issued the following order:
1. The above-captioned petition for review is hereby dismissed with prejudice and without costs or fees to any party, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure;
2. The June 28, 2008 order of the immigration judge (“IJ”) finding that Petitioner ... does not possess a “reasonable fear” of persecution or torture if returned to El Salvador [the June 2008 Removal Order] is hereby vacated. This matter is hereby remanded to the IJ for further proceedings pursuant to 8 C.F.R. §§ 208.31 and 241.8(e).
3. On remand, Castellanos shall be permitted the opportunity to file an application for deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment (“CAT”), 1465 U.N.T.S. 85, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988).
4. Nothing in this Stipulation and Order of Dismissal and Remand limits the authority of the IJ or the Board of Immigration Appeals to grant or deny CAT relief sought by on any appropriate ground or for any appropriate x-eason.
5. The execution of Castellanos’s August 23, 2005[sic] reinstated x-emoval order shall be stayed pending a final administx-ative decision on his CAT application as provided in 8 C.F.R. §§ 208.31 and 241.8(e).
*267 A hearing on Castellanos’s Convention Against Torture claim was held on January 14, 2009 in Newark, New Jersey before an IJ. The claim was denied. Castellanos appealed the IJ’s decision to the Board of Immigration Appeals (“BIA”). The BIA dismissed Castellanos’s appeal on June 4, 2009.
E
The custody and bail issues raised by Castellanos were set for oral argument before the New Jersey District Court on November 5, 2008. At that hearing, Castellanos contended that
[The Zadvydas v. Davis case] stands for the proposition that the proper way to bring this kind of application is through a habeas petition. [533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)]. And second, it says that once you get past the six-month period, the Court has to review the reasonableness of the projected [period before removal will occur].
He argued that he should be released on bail because he was not a danger to the community or a flight risk. On November 12, 2008, the New Jersey District Court held that the application for habeas corpus relief was prematurely filed due to the fact that on September 8, 2008, the Second Circuit vacated the June 23, 2008 removal order, issued by an IJ in Newark, New Jersey, and stayed the April 5, 2000 removal order, issued by an IJ in New York, New York and reinstated by the DHS on August 12, 2005. The New Jersey District Court denied the application without prejudice.
Castellanos filed a timely notice of appeal in this Court on November 25, 2008. The New Jersey District Court had jurisdiction under 28 U.S.C. § 2241 over Castellanos’s application for a writ of habeas corpus. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because the appeal is from a final order denying Castellanos’s application for habeas corpus relief.
IV
A
In his appeal to this Court, Castellanos contends that the New Jersey District Court erred in “holding that Mr. Castellanoses] removal Order was not in force because the government never reinstated the original removal order ... and [ ] in failing to release Mr. Castellanos on bail and denying his petition for a writ of habeas corpus after his incarceration for more than 180 days.” This Court exercises plenary review over the district court’s legal conclusions when an application for habeas corpus relief has been denied without an evidentiary hearing. Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir.2004).
B
In Zadvydas, the United States Supreme Court reviewed the legality of the detention of two aliens for more than six months after a final order of x-emoval had been issued against them. The record showed that the United States Government was unable to find countries that would accept them. 533 U.S. at 684-686, 121 S.Ct. 2491. Castellanos contends that he is entitled to release on bail pending the outcome of the review of his removal order because he has been detained for more than six months and his removal is unforeseeable, that is, indefinite. We disagree. The Supreme Court held in Zadvydas that an alien’s detention for more than six months after the issuance of a final order of removal is presumptively unreasonable. 533 U.S. at 701, 121 S.Ct. 2491.
Castellanos’s circumstances are clearly distinguishable from those presented to *268 the Supreme Court in Zadvydas. In Zadvydas, the Immigration Courts had issued final orders of removal. Id. at 684-686, 121 S.Ct. 2491. In this matter, the April 5, 2000 removal order was stayed by the Second Circuit. Accordingly, a final order of removal has not been issued.[3]
In addition, Castellanos’ detention period is not “indefinite” for three reasons.
(1) Castellanos “is not stuck in a ‘re-moveable-but-unremoveable limb o,’ as the petitioners in Zadvydas were.” Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir.2008). To the contrary, the Government is ready and willing to remove Castellanos but must wait for a final order of removal to do so legally.
(2) While Castellanos’ detention lacks a certain end date, the end is still reasonably foreseeable — the completion of removal proceedings. See Zadvydas, 533 U.S. at 699, 121 S.Ct. 2491.
(3) Castellanos himself has requested the continuance of his removal hearing. See Demore v. Kim, 538 U.S. 510, 530-31, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).
For the foregoing reasons, we affirm the District Court’s order.

. Castellanos’s application for asylum is not part of the record on appeal.

. Section 2241 provides
Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
28 U.S.C. § 2241(a).

. As such, though Castellanos' detention was classified under § 1231(a)(6), that section does not directly apply because it requires a final order of removal. Section 1226(a), which authorizes detention "pending a decision on whether an alien is to be removed from the United States," is the correct provision here.